L. H. BULLIS and another *vs.* MILTON CHEADLE.

December 9, 1886.

**New Trial of Question not Raised by Pleadings.**—An order granting a new trial, for the purpose of enabling plaintiffs to try a question not within the issues made by the pleadings, *held* erroneous.

Appeal by defendant from an order of the district court for Le Sueur county, *Macdonald*, J., presiding, granting a new trial.

*Peck & Brown*, for appellant.

*Thos. Hessian*, for respondents.

BERRY, J. Plaintiffs and defendant entered into a contract evidenced by the following memorandum, viz.: "Bought of M. S. Cheadle one hundred head of cattle, to be delivered in Waterville, May 14, 1885; said cattle not to be topped. Price per head, $13. Received on contract, $200; balance to be paid on delivery of cattle.

"M. S. CHEADLE."

On the day appointed defendant tendered 100 head of cattle to plaintiffs, which they refused to accept, claiming that they were not

of the quality called for by the contract. After keeping them about a month, defendant sold them at private sale. The plaintiffs bring this action to recover damages for *breach of the contract*, the complaint setting up the contract, plaintiffs' advance payment of $200 thereon, the failure of defendant to deliver the cattle pursuant thereto, and that, by reason thereof, plaintiffs have suffered loss and damage to the amount of $300. The answer alleges full performance on defendant's part, and plaintiffs' refusal to perform. The substantial issue made by the pleadings was, then, as to performance, and this is the issue which appears to have been tried below. In other words, upon the pleadings, and by the course of the trial, the question litigated was whether the cattle tendered were of the quality called for by the contract. If they were not, plaintiffs might well be entitled to damages.

But the jury having found for defendant, we must assume that the cattle tendered were of the quality called for, and that, therefore, so far as anything in the case shows, the substantial issue made and tried in this action, viz., as to defendant's performance of his contract, is determined in his favor; and, as there appears to be abundant competent evidence to sustain the verdict, we are unable to see how the plaintiffs can be entitled to a new trial of this action, or, what is equivalent, to a new trial of the issue as to defendant's performance. Whether, for any reason, plaintiffs were entitled to recover the whole or any part of their advance payment, upon any other ground than defendant's failure of performance, is a question which the issues in the present action do not raise, though the trial judge appears to have been of the impression that it might somehow be tried in this action, and in that view granted a new trial.

Order reversed, and case remanded for judgment upon the verdict.